IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BERTHA JANE DIXON                                                                                    PLAINTIFF

v.                                              4:24-cv-01086-JM-JJV

LELAND DUDEK,
Acting Commissioner,
Social Security Administration,                                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Bertha Dixon, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 13-20.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is sixty years old. (Tr. 55.) She went as far as the tenth grade in school and later attended a ten-week truck driving school. (Tr. 49.) She has past relevant work as a truck driver. (Tr. 19.)

The ALJ[1] found Ms. Dixon has not engaged in substantial gainful activity since the period from her alleged onset date of May 30, 2019, through the date she was last insured on December 31, 2020. (Tr. 15.) She has "severe" impairments in the form of "chronic obstructive pulmonary

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

disease/asthma, hypertension, and osteoarthritis of the knee." (*Id.*) The ALJ further found Ms. Dixon did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16.)

The ALJ determined Ms. Dixon had the residual functional capacity (RFC) to perform a reduced range of medium work. (*Id.*) Given his RFC finding, the ALJ determined Ms. Dixon could no longer perform her past relevant work as a truck driver. (Tr. 18-19.) Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 47-53.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of commercial cleaner, store laborer, and laundry worker. (Tr. 19-20.) Accordingly, the ALJ determined Ms. Dixon was not disabled. (Tr. 20.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ incorrectly evaluated her subjective symptoms. (Doc. No. 8 at 5-12.) The ALJ analyzed Ms. Dixon's symptoms considering Social Security Ruling 16-3p and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

   3. precipitating and aggravating factors;

   4. dosage, effectiveness and side effects of medication;

   5. functional restrictions.

   The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original); (Tr. 17).

After close review, I find the ALJ fairly evaluated Ms. Dixon's subjective complaints. (Tr. 17-18.) In doing so, the ALJ concluded:

   After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 18.)

Plaintiff might feel the ALJ has provided boilerplate language that has little meaning or value. However, the ALJ's conclusions are supported by the objective medical evidence. As the Commissioner persuasively argues:

   Furthermore, the ALJ did not solely discuss the objective medical evidence in evaluating Plaintiff's subjective complaints. Rather, he also discussed the dosage, effectiveness, and side effects of Plaintiff's medications. *See Polaski*, 739 F.2d at 1322 (8th Cir. 1984) (adjudicator must consider a claimant's daily activities; the duration, frequency, and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions). The ALJ noted that "[i]n terms of claimant's medical conditions, the objective medical evidence shows that her conditions have been controlled and/or stabilized with medication management" (Tr. 18). He noted that in September 2021 Plaintiff was prescribed Celebrex for knee pain and other medications for hypertension, asthma, generalized anxiety disorder, ulcerative colitis, hyperlipidemia, and arthralgia, and in January 2022, Plaintiff reported that she was not having any adverse side effects from her medications (Tr. 17, 407, 423). The ALJ also noted

4

> that Plaintiff's medication regimen was not adjusted from January to April 2022, suggesting that her medications were effective (Tr. 17-18, 412-13, 581).

(Doc. No. 10 at 8.)

I recognize in her Reply brief, Plaintiff takes exception to this argument. Plaintiff counters that, "The crux of the holding in *Polaski* was that the ALJ must consider more than just the objective medical evidence before disregarding the claimant's allegations." (Doc. No. 11 at 2-3.) This is true. But Polaski also instructs that, "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Polaski* at 1322. And here, the ALJ concluded that Plaintiff's medications were helping to control her impairments, thus undermining her subjective complaints of a disabling condition. (Tr. 18.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Ms. Dixon next argues that the ALJ failed to develop the record. (Doc. No. 8 at 12-14.) She says:

> There were no medical opinions in this case, which would have allowed the ALJ to make an informed decision about Plaintiff's RFC. The state agency medical consultants only determined, at the time, that there was insufficient evidence for a full evaluation, opinions which the ALJ found were not persuasive. Tr. 18, Tr. 55-61, 63-70, 72-76, 78-82. Specifically, the ALJ found that these opinions were not persuasive because the claimant submitted additional evidence at the hearing level. Tr. 18. This is true. At reconsideration, the most recent exam that was referenced was only on January 31, 2022. Tr. 80. But none of the evidence submitted by the claimant after reconsideration indicated that Plaintiff would be capable of performing medium exertion work.

(Doc. No. 8 at 12.)

Because the state agency doctors were unable to complete their opinions as to Ms. Dixon's RFC, she concludes that, "The ALJ relied on his own lay interpretation of this evidence to conclude that

5

Plaintiff's conditions were controlled and further that she was capable of performing medium exertion work." (*Id.* at 13.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the record contains ample medical records to support the ALJ's decision. Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

Plaintiff contends that the ALJ relied on "no opinion" from any doctor. (Doc. No. 11 at 4.) To the contrary, the ALJ relied on Plaintiff's treating doctors who did not report anything disabling, routinely recommended exercise, and regularly urged Ms. Dixon to quit smoking cigarettes. (Tr. 411, 413, 422, 430, 437, 441. 450.) Accordingly, I find no error here.

The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S.

389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ms. Dixon's counsel has done an admirable job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 3rd day of April 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE