IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BERTHA JANE DIXON**                                                               **PLAINTIFF**

v.                            **4:24-cv-01086-JM-JJV**

**LELAND DUDEK,**
**Acting Commissioner,**
**Social Security Administration,**                                  **DEFENDANT**

**ORDER**

The Court has received Proposed Findings and Recommendations ("RD") submitted by United States Magistrate Judge Joe J. Volpe. After careful review of the RD and the timely objections received thereto, as well as a *de novo* review of the record, the Court approves and adopts the RD as this Court's findings in all respects.

Substantial evidence in the record supports the ALJ's decision that Plaintiff's medical conditions (COPD, hypertension, and arthritis of the knee) are not severe enough to contribute to a disability. Plaintiff continued to smoke in light of her COPD diagnosis and her doctor's repeated recommendations to stop. "[F]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997) (citing *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); 20 C.F.R. § 416.930(b)). The treatment prescribed for Plaintiff's arthritis was conservative, including only Celebrex and Motrin. She was not referred to a specialist for treatment. *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (holding that treating physician's conservative treatment was inconsistent with plaintiff's allegations of disabling pain). Plaintiff stated that she suffers from blackouts associated with low blood sugar. She testified that her doctor counseled her to eat frequent meals which appeared to help because the blackouts were much less frequent. (AR, ECF

No. 6-2 at p. 47-48). She was not referred to a specialist. There was little evidence in the record discussing Plaintiff's hypertension diagnosis and no physical limitation from hypertension noted.

Plaintiff also argues that the ALJ did not sufficiently develop the record and, therefore, there was no medical evidence to support the ALJ's hypothetical to the vocational expert. Again, there was no evidence that Plaintiff had any physical restrictions except for her subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.) The ALJ and the vocational expert took those complaints into account by finding that she could no longer perform her past work as a truck driver. "The hypothetical question need only include those impairments and limitations found credible by the ALJ." *Gragg v. Astrue*, 615 F.3d 932, 940 (8th Cir. 2010) (quoting *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005)).

The Court agrees with the Recommendation. The record contains sufficient evidence to support the ALJ's decision. Accordingly, the Commissioner's decision is affirmed, and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 31st day of July, 2025.

JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE